Jason S. Brookner
Texas Bar No. 24033684
Aaron M. Kaufman
Texas Bar No. 24060067
Amber M. Carson
Texas Bar No. 24075610
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:     (214) 954-4135
Facsimile:     (214) 953-1332
Email:             jbrookner@grayreed.com
                      akaufman@grayreed.com
                      acarson@grayreed.com

**PROPOSED COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re:<br><br>ALAMO FRESH PAYROLL, LLC,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 83-2861590 | § § § § § § § § § | Chapter 11<br><br>Case No. 21-30720 (MVL) |
| In re:<br><br>FRESH ACQUISITIONS, LLC,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 46-5412795 | § § § § § § § § § | Chapter 11<br><br>Case No. 21-30721(HDH) |
| In re:<br><br>ALAMO OVATION, LLC,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 47-4309002 | § § § § § § § § § | Chapter 11<br><br>Case No. 21-30722 (HDH) |

| | | |
|---|---|---|
| In re: <br><br>BUFFETS LLC, <br><br>        Debtor. <br><br>Tax I.D. No. 41-1462294 | § § § § § § § § § | Chapter 11 <br><br>Case No. 21-30723 (SGJ) |
| In re: <br><br>HOMETOWN BUFFET, INC., <br><br>        Debtor. <br><br>Tax I.D. No. 33-0463002 | § § § § § § § § § | Chapter 11 <br><br>Case No. 21-30724 (SGJ) |
| In re: <br><br>TAHOE JOE'S INC., <br><br>        Debtor. <br><br>Tax I.D. No. 91-1957129 | § § § § § § § § § | Chapter 11 <br><br>Case No. 21-30725 (SGJ) |
| In re: <br><br>OCB RESTAURANT COMPANY, LLC, <br><br>        Debtor. <br><br>Tax I.D. No. 41-1777607 | § § § § § § § § § | Chapter 11 <br><br>Case No. 21-30726 (MVL) |
| In re: <br><br>OCB PURCHASING, CO., <br><br>        Debtor. <br><br>Tax I.D. No. 41-1777610 | § § § § § § § § § | Chapter 11 <br><br>Case No. 21-30727 (SGJ) |

| | | |
|---|---|---|
| In re:<br><br>RYAN'S RESTAURANT GROUP, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 57-0657895 | § § § § § § § § § | Chapter 11<br><br>Case No. 21-30728 (MVL) |
| In re:<br><br>FIRE MOUNTAIN RESTAURANTS, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 57-0968003 | § § § § § § § § § | Chapter 11<br><br>Case No. 21-30729 (HDH) |
| In re:<br><br>FOOD MANAGEMENT PARTNERS, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 20-1867374 | § § § § § § § § § | Chapter 11<br><br>Case No. 21-30730 (HDH) |
| In re:<br><br>FMP SA MANAGEMENT GROUP, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 49-3413031 | § § § § § § § § § | Chapter 11<br><br>Case No. 21-30731 (HDH) |
| In re:<br><br>FMP-FRESH PAYROLL, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 81-0848962 | § § § § § § § § § | Chapter 11<br><br>Case No. 21-30732 (MVL) |
| In re:<br><br>FMP-OVATION PAYROLL, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 47-4811728 | § § § § § § § § § | Chapter 11<br><br>Case No. 21-30733 (SGJ) |

| | |
|---|---|
| In re:<br><br>ALAMO BUFFETS PAYROLL, LLC,<br><br>　　　　　　　　　　Debtor.<br><br>Tax I.D. No. 83-2860998 | § Chapter 11<br>§<br>§ Case No. 21-30734 (MVL)<br>§<br>§ (Joint Administration Requested)<br>§<br>§ |

**DEBTORS' EMERGENCY MOTION FOR ENTRY
OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (the "Motion"):

**Jurisdiction and Venue**

1.  The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

**Background**

4.  Prior to the COVID-19 pandemic, the Debtors were a significant operator of buffet-style restaurants in the United States with approximately 90 stores operating in 27 states. The Debtors' concepts include six buffet restaurant chains and a full service steakhouse, operating under the names Furr's Fresh Buffet®, Old Country Buffet®, Country Buffet®, HomeTown® Buffet, Ryan's®, Fire Mountain®, and Tahoe Joe's Famous Steakhouse®, respectively. Much

like its competitors in the all-you-can-eat (AYCE) and dine-in restaurant businesses, the Debtors' recent history has been impacted by the uncertainty, unexpected challenges, and ever changing landscape resulting from the COVID 19 pandemic. A more detailed history of the Debtors' operations are discussed in the *Declaration of Mark Shapiro, Chief Restructuring Officer, in Support of Chapter 11 Petition and First Day Motion* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein.[1]

5. On April 20, 2021 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these chapter 11 cases and no official committees have been appointed.

## Relief Requested

6. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) directing procedural consolidation and joint administration of these chapter 11 cases; and (b) granting related relief. Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases under the case of Fresh Acquisitions, LLC and that the cases be administered under a consolidated caption, as follows:

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day Declaration.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| FRESH ACQUISITIONS, LLC, *et al.*,[1] | § § | Case No. 21-30721 (SGJ) |
| Debtors. | § § § | (Joint Administration Requested) |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Alamo Fresh Payroll, LLC (1590); Fresh Acquisitions, LLC (2795); Alamo Ovation, LLC (9002); Buffets LLC (2294); Hometown Buffet, Inc. (3002); Tahoe Joe's Inc. (7129); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); Food Management Partners, Inc. (7374); FMP SA Management Group, LLC (3031); FMP-Fresh Payroll, LLC (8962); FMP-Ovation Payroll, LLC (1728); and Alamo Buffets Payroll, LLC (0998). The Debtors' principal offices are located at 2338 N. Loop 1604 W., Suite 350, San Antonio TX, 78248, United States.

7. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

8. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1(a) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas directing joint administration of the chapter 11 cases of Alamo Fresh Payroll, LLC, Case No. 21-30720; Fresh Acquisitions, LLC, Case No. 21-30721; Alamo Ovation, LLC, Case No. 21-30722 ; Buffets LLC, Case No. 21-30723; Hometown Buffet, Inc., Case No. 21-30724; Tahoe Joe's Inc., Case No. 21-30725; OCB Restaurant Company, LLC, Case No. 21-30726; OCB Purchasing, Co., Case No. 21-30727; Ryan's Restaurant Group, LLC, Case No. 21-30728; Fire Mountain Restaurants, LLC, Case No. 21-30729; Food Management Partners, Inc., Case No. 21-30730; FMP SA Management Group, LLC, Case No. 21-30731; FMP-Fresh Payroll, LLC, Case No. 21-30732; FMP-Ovation Payroll, LLC, Case No. 21-30733; and Alamo Buffets Payroll, LLC, Case No. 21-30734.  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 21-30721**.

**Basis for Relief**

9. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10. Additionally, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> When a case is filed for or against a debtor related to a debtor with a case pending in the Bankruptcy Court, a party in interest may file a motion for joint administration in each case. Motions for joint administration will be assigned for determination to the bankruptcy judge presiding over the first related cases filed in this district, regardless of the division in which the case is filed.

N.D. Tex. L.B.R. 1015-1(a).

11. Joint administration is generally non-controversial, and courts in this district routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re CiCi's Holdings, Inc.*, No. 21-30146 (SGJ) (Bankr. N.D. Tex. Jan. 27, 2021) (directing joint administration of chapter 11 cases); *In re Studio Movie Grill Holdings, LLC*, No. 20-32622 (SGJ) (Bankr. N.D. Tex. Oct. 27, 2020) (same); *In re TriVascular Sales LLC*, No. 20-31840 (SGJ) (Bankr. N.D. Tex. July 7, 2020) (same); *In re Tuesday Morning Corp.*, No. 20-31476 (HDH) (Bankr. N.D. Tex. May 28, 2020) (same); *In re Diamondback Industries, Inc.,* Case No. 20-41504

7

(ELM) (Bankr. N.D. Tex. April 28, 2020) (same); *In re The LaSalle Grp., Inc.*, No. 19-31484 (SGJ) (Bankr. N.D. Tex. May 7, 2019) (same).[2]

12. The joint administration of these chapter 11 cases (the "Cases") will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Additionally, joint administration will also allow the Clerk of this Court to use a single docket for each of the affiliated Cases and to combine notices to creditors and other parties in interest. Joint administration also will allow the United States Trustee for the Northern District of Texas and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

13. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## No Prior Request

14. No previous request for the relief sought in this Motion has been made to this or any other court.

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

4828-2170-6708.6

**Notice**

15. The Debtors will provide notice of this Motion to the following parties or their counsel: (a) the U.S. Trustee for the Northern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to Arizona Bank & Trust; (d) counsel to the proposed DIP Lender; (e) the United States Attorney's Office for the Northern District of Texas; (e) the Internal Revenue Service; (f) the state attorneys general for states in which the Debtors conduct business; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is needed.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in same form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 20th day of April, 2021.

        **GRAY REED**

        By: */s/ Jason S. Brookner*
            Jason S. Brookner
            Texas Bar No. 24033684
            Aaron M. Kaufman
            Texas Bar No. 24060067
            Amber M. Carson
            Texas Bar No. 24075610
        1601 Elm Street, Suite 4600
        Dallas, Texas 75201
        Telephone:  (214) 954-4135
        Facsimile:   (214) 953-1332
        Email:       jbrookner@grayreed.com
                       akaufman@grayreed.com
                       acarson@grayreed.com

        **PROPOSED COUNSEL TO THE**
        **DEBTORS AND DEBTORS IN POSSESSION**

4828-2170-6708.6

## **CERTIFICATE OF SERVICE**

      I certify that on April 20, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

                                              */s/ Jason S. Brookner*
                                              Jason S. Brookner

## **Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: <br><br> ALAMO FRESH PAYROLL, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 83-2861590 | § § § § § § § § | Chapter 11 <br><br> Case No. 21-30720 (MVL) |
| In re: <br><br> FRESH ACQUISITIONS, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 46-5412795 | § § § § § § § § | Chapter 11 <br><br> Case No. 21-30721(HDH) |
| In re: <br><br> ALAMO OVATION, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 47-4309002 | § § § § § § § § | Chapter 11 <br><br> Case No. 21-30722 (HDH) |

2

| | | |
|---|---|---|
| In re: <br><br> BUFFETS LLC, <br><br> Debtor. <br><br> Tax I.D. No. 41-1462294 | § § § § § § § § § | Chapter 11 <br><br> Case No. 21-30723 (SGJ) |
| In re: <br><br> HOMETOWN BUFFET, INC., <br><br> Debtor. <br><br> Tax I.D. No. 33-0463002 | § § § § § § § § § | Chapter 11 <br><br> Case No. 21-30724 (SGJ) |
| In re: <br><br> TAHOE JOE'S INC., <br><br> Debtor. <br><br> Tax I.D. No. 91-1957129 | § § § § § § § § § | Chapter 11 <br><br> Case No. 21-30725 (SGJ) |
| In re: <br><br> OCB RESTAURANT COMPANY, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 41-1777607 | § § § § § § § § § | Chapter 11 <br><br> Case No. 21-30726 (MVL) |
| In re: <br><br> OCB PURCHASING, CO., <br><br> Debtor. <br><br> Tax I.D. No. 41-1777610 | § § § § § § § § § § | Chapter 11 <br><br> Case No. 21-30727 (SGJ) |

| | | |
|---|---|---|
| In re:<br><br>RYAN'S RESTAURANT GROUP, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 57-0657895 | § § § § § § § § § | Chapter 11<br><br>Case No. 21-30728 (MVL) |
| In re:<br><br>FIRE MOUNTAIN RESTAURANTS, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 57-0968003 | § § § § § § § § § | Chapter 11<br><br>Case No. 21-30729 (HDH) |
| In re:<br><br>FOOD MANAGEMENT PARTNERS, INC.,<br><br>    Debtor.<br><br>Tax I.D. No. 20-1867374 | § § § § § § § § § | Chapter 11<br><br>Case No. 21-30730 (HDH) |
| In re:<br><br>FMP SA MANAGEMENT GROUP, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 49-3413031 | § § § § § § § § § | Chapter 11<br><br>Case No. 21-30731 (HDH) |
| In re:<br><br>FMP-FRESH PAYROLL, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 81-0848962 | § § § § § § § § § | Chapter 11<br><br>Case No. 21-30732 (MVL) |
| In re:<br><br>FMP-OVATION PAYROLL, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 47-4811728 | § § § § § § § § § | Chapter 11<br><br>Case No. 21-30733 (SGJ) |

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| ALAMO BUFFETS PAYROLL, LLC, | § § | Case No. 21-30734 (MVL) |
| Debtor. | § § | (Joint Administration Requested) |
| Tax I.D. No. 83-2860998 | § § | **Re: Docket No.** |

## ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes and shall be jointly administered by this Court under Case No. 21-30721-11 (the "Lead Case").

3. All pleadings, papers, and documents, except proofs of claim, lists, schedules, and statements, filed in the jointly administered cases shall bear the caption of the Lead Case, as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| In re: | § | Chapter 11 |
|---|---|---|
| | § | |
| FRESH ACQUISITIONS, LLC, *et al.*,[1] | § | Case No. 21-30721 (SGJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Alamo Fresh Payroll, LLC (1590); Fresh Acquisitions, LLC (2795); Alamo Ovation, LLC (9002); Buffets LLC (2294); Hometown Buffet, Inc. (3002); Tahoe Joe's Inc. (7129); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); Food Management Partners, Inc. (7374); FMP SA Management Group, LLC (3031); FMP-Fresh Payroll, LLC (8962); FMP-Ovation Payroll, LLC (1728); and Alamo Buffets Payroll, LLC (0998). The Debtors' principal offices are located at 2338 N. Loop 1604 W., Suite 350, San Antonio TX, 78248, United States.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. All orders, pleadings, papers and documents, except proofs of claim, lists, schedules, and statements, shall be filed and docketed in the Lead Case. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than the Lead Case, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1(a) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas directing joint administration of the chapter 11 cases of Alamo Fresh

Payroll, LLC, Case No. 21-30720; Fresh Acquisitions, LLC, Case No. 21-30721; Alamo Ovation, LLC, Case No. 21-30722; Buffets LLC, Case No. 21-30723; Hometown Buffet, Inc., Case No. 21-30724; Tahoe Joe's Inc., Case No. 21-30725; OCB Restaurant Company, LLC, Case No. 21-30726; OCB Purchasing, Co., Case No. 21-30727; Ryan's Restaurant Group, LLC, Case No. 21-30728; Fire Mountain Restaurants, LLC, Case No. 21-30729; Food Management Partners, Inc., Case No. 21-30730; FMP SA Management Group, LLC, Case No. 21-30731; FMP-Fresh Payroll, LLC, Case No. 21-30732; FMP-Ovation Payroll, LLC, Case No. 21-30733; and Alamo Buffets Payroll, LLC, Case No. 21-30734. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 21-30721-11**.

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Northern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list.

7. All proofs of claim, lists, schedules, and statements (if applicable) shall be filed and docketed under the case number representing the estate in which the claim is made, and a creditor of more than one estate shall file and docket a proof of claim in each case to which a claim may be made, and only in the amount which the creditor may make a claim from that estate.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of any part in interest to seek entry of an order substantively consolidating these cases.

9. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### # # # END OF ORDER # # #

<u>Submitted by:</u>

Jason S. Brookner
Texas Bar No. 24033684
Aaron M. Kaufman
Texas Bar No. 24060067
Amber M. Carson
Texas Bar No. 24075610
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: jbrookner@grayreed.com
akaufman@grayreed.com
acarson@grayreed.com

**PROPOSED COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION**

7